**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

UNITED STATES OF AMERICA,           )
                                     )
            Plaintiff,               )
                                     )   No. CR 14-790-TUC-CKJ
vs.                                  )
                                     )   **ORDER**
SHAWN MIGUEL,                        )
                                     )
            Defendant.               )
_____)

Pending before the Court is the Motion *in Limine* to Preclude the Introduction of Evidence of Agent Spann's Shooting After the Assault (Doc. 39) filed by the government. Defendant Shawn Miguel ("Miguel") has filed a response. Argument was presented to the Court on November 13, 2014. The Court took the matter under advisement.

*Factual and Procedural History*[1]

On March 31, 2014, US Border Patrol ("BP") Agent Joseph Spann ("Spann") parked his fully marked BP vehicle at the intersection of Federal Route 19 and San Miguel East Road. The vehicle was parked yards off of the road and in a desert clearing. The vehicle had its headlights lit but not the overhead law enforcement lights. The government asserts Spann was standing outside of his marked BP vehicle in the "v" between his open driver's door and the vehicle.

---

[1] Evidence was not presented to the Court. The factual history is taken from the parties' briefs.

The government asserts that, while Spann was standing outside of his parked marked unit at the driver's side, Miguel drove a maroon Dodge truck southbound on FR19 and suddenly turned east toward Spann's location.[2] The truck traveled toward the marked BP vehicle and toward the driver's side of the vehicle. Spann jumped into the cab of the marked vehicle to protect himself from the oncoming vehicle. The truck made contact with the driver's side front door of the marked vehicle; Spann's lower left leg and right foot were squeezed between the bottom of the driver's door and the bottom of the door frame of the marked vehicle.

Miguel asserts, through his expert, that the evidence suggests Miguel's vehicle was slowing and struck the BP vehicle at a shallow angle, Spann's foot was inside the cab when the glass of the BP vehicle broke (either from gunfire or impact), and as likely as not, Spann slammed the door on his own leg.

Spann then unholstered his pistol and discharged seven rounds toward Miguel. Six of the bullets entered the driver's side window and the rear driver's side passenger window and the seventh bullet hit the back of the cab and entered from the rear exterior into the interior of the cab. After the shooting, the truck continued past the agent's position, driving east onto San Miguel East Road to an unknown location. Spann then reported the incident via BP radio and requested assistance.

There does not appear to be any dispute that all occupants of the truck were intoxicated, that the passengers did not see an agent, and that, after the incident, passenger Raymus Listo told Miguel to stop and let him out. Miguel stopped the truck and Listo jumped out of the vehicle and started running towards his house through cactus and barbed wire. Miguel and one of his passengers, Amon Chavez, were struck and injured by a number of the bullets. They were air-evacuated to the University Medical Center for treatment of their

---

[2]The facts as summarized by the government indicate the passengers allegedly made statements supporting the assertion that Miguel intentionally "turned" the truck towards the agent.

- 2 -

1 injuries.

2 Miguel has been charged with Assault on a Federal Officer. The government has filed
3 a Motion *in Limine* to Preclude the Introduction of Evidence of Agent Spann's Shooting
4 After the Assault (Doc. 39). Miguel has filed a response (Doc. 50).

6 *Analysis*

7 The government asserts evidence of the shooting is not relevant. "Evidence is
8 relevant if (a) it has any tendency to make a fact more or less probable than it would be
9 without the evidence; and (b) the fact is of consequence in determining the action."
10 Fed.R.Evid. 401. Thus, "evidence is relevant if it has 'any tendency to make the existence
11 of any fact that is of consequence to the determination of the action more probable or less
12 probable than it would be without the evidence.'" *United States v. Espinoza-Baza*, 647 F.
13 3d 1182, 188 (9th Cir. 2011). The government asserts the reactive shooting by Spann after
14 the alleged assault has no bearing on the issues of whether an assault occurred or on the
15 defendant's intent at the time he drove his vehicle. The government also asserts that
16 evidence of the after-the-fact shooting is irrelevant to a legal defense to the charged assault
17 or to the assertion that the government cannot prove an essential element of the crime
18 charged. Miguel asserts, however, that it is expected that his expert witness will dispute the
19 facts as alleged by the government. He asserts that the evidence of the shooting is relevant
20 to his defense that this was an accident and that the agent reported the incident as an
21 intentional assault in order to justify the shooting.

22 The U.S. Constitution gives a criminal defendant the right to present a defense.
23 "Whether rooted directly in the Due Process Clause of the Fourteenth Amendment . . . or in
24 the Compulsory Process or Confrontation clauses of the Sixth Amendment, . . . the
25 Constitution guarantees criminal defendants 'a meaningful opportunity to present a complete
26 defense.'" *Crane v. Kentucky*, 476 U.S. 683, 690 (1986). Supreme Court cases addressing
27 this issue make clear that the government "may not impede a defendant's right to put on a

- 3 -

defense by imposing mechanistic ( [*Chambers v. Mississippi*, 410 U.S. 284 (1973)]) or arbitrary ([*Washington v. Texas*, 388 U.S. 14 (1967)] and [(*Rock v. Arkansas*, 483 U.S. 44 (1987)]) rules of evidence." *LaGrand v. Stewart*, 133 F.3d 1253, 1266 (9th Cir.), *cert. denied*, 525 U.S. 971 (1998). However, a defendant "does not have an unfettered right to present any evidence he or she wishes." *Lunbery v. Hornbeak*, 605 F.3d 754, 762 (9th Cir.2010) (quotation omitted).

In light of the defense expected to be presented by Miguel, the evidence of the shooting is relevant. In effect, it is expected that Miguel will attack Spann's credibility and his version of the facts of the incident. The defense theory is that Spann falsely described the event in order to minimize his own alleged misconduct  Because the shooting provides an arguable motive for that defense, evidence of the shooting is relevant.[3] Although the government argues that, "[s]ince a defendant does not have a right to seek jury nullification, [Miguel] has no right to present evidence relevant only to such a defense[,]" Motion, Doc. 39, p. 7, the essence of Miguel's expected defense is a lack of intent which is arguably supported by the defense's attack on the facts as stated by Spann.

The government also argues that any marginal probative value "is substantially outweighed by the danger of unfair prejudice, confusion of the issues or may be misleading

---

[3]Although evidence of the shooting does not have the effect of allowing the prosecutor to offer a coherent and comprehensible story regarding the alleged crime, this evidence "constitutes a part of the transaction that serves as the basis for" the defense. *United States v. Williams*, 291 F.3d 1180, 1189 (9th Cir. 2002), (quoting *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1012-13 (9th Cir. 1995) ("Evidence is "inextricably intertwined" if it "constitutes a part of the transaction that serves as the basis for the criminal charge" or "was necessary to . . . permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime."); *see also Stephens v. Miller*, 13 F.3d 998, 1018 (7th Cir. 1994) (Coffey, J., dissenting) ("fundamental fairness mandates that the defendant be entitled to present evidence that is central to the defense and inextricably intertwined with the alleged criminal behavior"). *** fyi, I cannot find a single federal case in which the majority applied inextricably intertwined principle to the defense***

- 4 -

to the jury." Fed.R.Evid. 403. The government asserts that the admission of evidence regarding the shooting is likely and presumably intended "to shift the focus away from the relevant evidence of the defendant's wrongdoing to the tangentially related" claimed "misdeeds" of the agent. Motion, Doc. 39, p. 6. While there may be an incidental prejudicial effect, the admission of the evidence is to legitimately provide a motive for Spann to misstate what had occurred. The Court finds the probative value of this evidence is not substantially outweighed by the danger of unfair prejudice. Fed.R.Evid. 403; *United States v. Cruz-Garcia*, 344 F.3d 951, 956 (9th Cir. 2003); *United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000) ("Relevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403. Unless trials are to be conducted as scenarios, or unreal facts tailored and sanitized for the occasion, the application of Rule 403 must be cautious and sparing. Its major function is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect.").

The government also asserts that requiring Spann to justify the shooting would unnecessarily confuse the jury as to the real issue it is being asked to determine. However, the real issue the jury is being asked to determine is whether Miguel's conduct was deliberate. Establishing a motive for Spann to falsify his recitation of facts regarding that conduct specifically addresses the real issue the jury is being asked to determine. The Court finds the probative value of the evidence is not substantially outweighed by the danger of confusion of the issues. Fed.R.Evid. 403.

Accordingly, IT IS ORDERED the Motion *in Limine* to Preclude the Introduction of Evidence of Agent Spann's Shooting After the Assault (Doc. 39) is DENIED.

DATED this 21st day of November, 2014.

_____
Cindy K. Jorgenson
United States District Judge